Ishmael Mwesigwa
_____
NAME
V95909
_____
PRISON NUMBER
CALIFORNIA STATE PRISON SOLANO
_____
CURRENT ADDRESS OR PLACE OF CONFINEMENT
Vacaville CA 95696-4000
_____
CITY, STATE, ZIP CODE



FILED
AUG - 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Ishmael Shumari Mwesigwa
_____,
(FULL NAME OF PETITIONER)
                                   PETITIONER

v.

D. K. Sisto/Warden
_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                   RESPONDENT
              and

Edmund G. Brown jr.
_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No  '08 CV 1434 DMS JMA
          (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior Court of California, County of San Diego

2. Date of judgment of conviction: September 14, 2005

3. Trial court case number of the judgment of conviction being challenged: SCD185722

4. Length of sentence: 6 Years

CIV 68 (Rev. Jan. 2006)                                                                    CV

5. Sentence start date and projected release date: Start-September 20, 2005 Projected Release date-August 27, 2010

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Cnt1: PC 273.5(A) PC12022.7(E), PC12022(B)(1), Cnt2: PC245(A)(1)

7. What was your plea? (CHECK ONE)
   (a) Not guilty    ☒
   (b) Guilty        ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Judgment affirmed
    (b) Date of result (if known): May 22, 2007
    (c) Case number and citation (if known): D047546
    (d) Names of Judges participating in case (if known) Haller, J., Huffman, acting P.J., Irion, J.
    (e) Grounds raised on direct appeal: constitutional due process and fair trial. Court error to refuse request instruction on accident & misfortune Insufficient evidence for conviction of Corporal Injury to a Spouse & w/a deadly Weapon & enhancement, Prosecutor Misconduct, Ineffective assistance of counsel

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Petition for review denied
    (b) Date of result (if known): August 29, 2007
    (c) Case number and citation (if known): No. D047546 cit#-S154085
    (d) Grounds raised: same as 11.(E) above  Grounds raised in California court of Appeal

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:   N/A
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
        _____
    (d) Grounds raised: _____
        _____
        _____
        _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:
    (a) **California Superior Court** Case Number (if known): ___N/A___
    (b) Nature of proceeding: _____
    (c) Grounds raised: _____
        _____
        _____
        _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No
    (e) Result: _____
    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:
    (a) **California Court of Appeal** Case Number (if known): __N/A__
    (b) Nature of proceeding: _____
    (c) Names of Judges participating in case (if known) _____
    (d) Grounds raised: _____
    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No
    (f) Result: _____
    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes   ☒ No

19. If your answer to #18 was "Yes," give the following information:
    (a) **California Supreme Court** Case Number (if known): __N/A__
    (b) Nature of proceeding: _____
    (c) Grounds raised: _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No
    (e) Result: _____
    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

_____
_____
_____
_____

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: Appellant was denied constitutional due process and a fair trial, when the court allowed the prosecutor to introduce into evidence a photograph of a cleaver that was not involved in this case

Supporting FACTS: Prior to trial, Petitioner objected to the prosecutor's proposed introduction of a photograph of a cleaver that was not involved in this case. Petitioner moved that the prosecution be prohibited from introducing the the irrelevant evidence. During trial, defense counsel again objected to the introduction of the photograph, but the court allowed it into evidence. This was irrelevant evidence. Petitioner pointed out that no weapon was recovered, the victim never mention any weapon having been used, and witness Tanya Sales only said she saw a shiny object in petitioner's hand at some point after Rimin was injured. The introduction of this prejudicial yet irrelevant evidence was error of federal constitution dimension in that it deprived petitioner of due process and a fair trial.

Did you raise GROUND ONE in the California Supreme Court?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review
(2) Case number or citation: D047546
(3) Result (attach a copy of the court's opinion or order if available): Petition denied see attachment

(b) **GROUND TWO**: The court erred when it refused to give the requested instrution on accident and misfortune

**Supporting FACTS**: Petitioner requested the jury be instructed with accident and misfortune. The trial court refused to give the instruction. This was a error that deprived petitioner of his federal constitutional right to a fair trial and to due process.

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for review
(2) Case number or citation: D047546
(3) Result (attach a copy of the court's opinion or order if available): Denied
    See attachment

(c) **GROUND THREE**: There was insufficient evidence to support the convictions for corporal injury to a spouse and assault with a deadly weapon and the weapon enhancement

**Supporting FACTS**: For there to be sufficient evidence to support a conviction there must be substantial evidence that the defendant personally directly applied force to the victim. In the instance case the only evidence presented by the prosecution with regard to how Rimin sustain her injuries was Rimin's testimony, and her statements to various others, that when she was talking to petitioner as he sat in his chair, he swiveled around and the chair knocked her off of her feet, &/or she tripped on all the boxes on the floor, and fell. According to the investigating Detective Moore, Rimin meant by the term "hit" and Rimin explained at trial that she meant hit by the chair. Rimin testified at trial that she never told any medical personnel that petitioner punched or hit her in the face. Dr. Silverman opined that he was not concluding a knife could have caused the injury because any number of objects could have done so. That was insufficient evidence to sustain the conviction.

Did you raise **GROUND THREE** in the **California Supreme Court**?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: D047546

(3) Result (attach a copy of the court's opinion or order if available): Denied
See attachment

(d) **GROUND FOUR**: Petitioner was deprived of his constitutional right to a fair trial when the prosecutor committed prosecutorial misconduct in closing argument by misstating ENT evidence, misstating the law, and vouching

**Supporting FACTS**: In closing argument, the prosecutor made numerous misstatements of the evidence, vouched for prosecution witnesses and prosecution evidence, misstated the law and argued facts not in evidence. The Appellant counsel failed to object to any of the misconduct but the issue was preserved for appeal. The cumulative effect of this misconduct was to deprive petitioner of a fair trial.

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: D047546

(3) Result (attach a copy of the court's opinion or order if available): Denied

See Attachment

(c) **GROUND FIVE**: Defense Counsel was ineffective

Supporting FACTS: Petitioner suffered prejudice because this was a close case, in which the victim testified that her injuries were solely caused by accident and the medical evidence was consistent with that cause. Prosecutor's misconduct was repeated and pervasive in that it involved repeated misstatements of evidence, vouching for prosecution witnesses and misstatements of the law. The improper argument undermined petitioner's opportunity for a fair trial by misstating the law and directing the jury's attention to matter outside the evidence in this case. Petitioner submits that failure of Defense Counsel to object under these circumstances ineffective assistance of counsel had been rendered.

Did you raise **GROUND THREE** in the **California Supreme Court**?
☒ Yes ☐ No.

    If yes, answer the following:

    (1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for review
    (2) Case number or citation: D047546
    (3) Result (attach a copy of the court's opinion or order if available): Petition denied

See Attachment

CIV 68 (Rev. Jan. 2006)

-9-B

cv

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND** six : Trial court abused its discretion by denying probation and sentencing Petitioner to prison

Supporting FACTS: Petitioner was sentenced to a prison sentence despite clear evidence that Petitioner had no prior criminal record and would have been very amenable to probation. Because these conditions and other facts made this an "unusual" case, it as a abuse of discretion for the trial court to have denied probation. In addition, the trial court abused its discretion by not being aware of its discretion to order counseling.

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for review

(2) Case number or citation: D047546

(3) Result (attach a copy of the court's opinion or order if available): _____
see attachment

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____
    _____

    (e) Name(s) of judges (if known): _____

    (f) Grounds raised: _____
    _____
    _____
    _____
    _____

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: __Attorney James Dick__

    (b) At arraignment and plea: __Attorney James Dick__

    (c) At trial: __Attorney Armon Haddad__

    (d) At sentencing: __Attorney Armon Haddad__

    (e) On appeal: __Attorney Gary V. Crooks #85484__

    (f) In any post-conviction proceeding: __N/A__

    (g) On appeal from any adverse ruling in a post-conviction proceeding: __Attorney Gary V. Crooks__

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____

    (b) Give date and length of the future sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

    Choose only one of the following:

    ☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.    OR    ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__8/4/08__                    _____[signature]_____
(DATE)                         SIGNATURE OF PETITIONER

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047546
S154085

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

ISHMAEL MWESIGWA, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

AUG 2 9 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:   California State Prison - Solano
                        Housing: 22-A-60
                        P.O. Box 4000
                        Vacaville, California 95696-4000

On the "date" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: MWESIGWA                              Case #: SCD185722

Document(s) Served: PETITION FOR WRIT OF HABEAS CORPUS, MOTION TO PROCEED IN FORMA PAUPERIS, CALIFORNIA SUPREME COURT ORDER ON APPEAL

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

CLERK OF U.S. DISTRICT COURT        STATE ATTORNEY GENERAL
880 FRONT ST. ROOM 4290             110 WEST "A" ST., SUITE 1100
SAN DIEGO CA 92101-8900             P.O. BOX 85266
                                    SAN DIEGO, CA 92186-5266

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on AUG 4, 2008, in Vacaville, California.

"date"

Signature: _[signature]_

Printed Name: ISHMAEL MWESIGWA

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ishmael Shumari Mwesigwa

**DEFENDANT**

Sisto, et al

FILED AUG - 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Solano
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ishmael Shumari Mwesigwa
PO Box 4000
Vacaville, CA 95696
V-95909

**ATTORNEYS (IF KNOWN)**

'08 CV 1434 DMS JMA

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)  FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 8/6/2008

SIGNATURE OF ATTORNEY OF RECORD

CR